SUN XI WU, Petitioner,

v.

Eric H. HOLDER Jr., U.S. Attorney General,[1] Respondent.

No. 08–3296–ag.

United States Court of Appeals, Second Circuit.

May 15, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Thomas B. Fatouros, Senior Litigation Counsel, James A. Hurley, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. PIERRE N. LEVAL and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Sun Xi Wu, a native and citizen of the People's Republic of China, seeks review of June 13, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Sun Xi Wu,* No. A70 902 151 (B.I.A. Jun. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001).

The BIA properly denied Wu's motion to reopen as untimely, where it was filed

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

more than four years after his 2000 final order of removal. *See* 8 C.F.R. § 1003.2(c)(2). In some circumstances, the time limitation may be equitably tolled to accommodate claims of ineffective assistance of counsel. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006). However, an alien alleging ineffective assistance of counsel must demonstrate that he exercised due diligence during the period he seeks to toll. *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000). Here, the BIA properly found that Wu failed to establish that he exercised due diligence in pursuing his ineffective assistance of counsel claim when he should have discovered his former attorney's ineffective assistance in 2000, when the BIA affirmed the IJ's denial of his applications for relief. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007) (finding that due diligence is analyzed from the time that the ineffective assistance was or should have been discovered). Wu asserts that, because of his limited English proficiency and unfamiliarity with immigration law, he was unable to grasp the specific legal grounds of the BIA's decision. We find this argument unpersuasive as the false information in Wu's asylum application—which he claimed was the fault of his former attorney—was brought to his attention during his hearing before the IJ. Thus, because the BIA properly concluded that a reasonable person would have discovered the ineffective assistance in 2000, the BIA did not abuse its discretion in concluding that Wu failed to exercise due diligence between 2000 and 2006. Accordingly, we find no abuse of discretion in the BIA's rejection of Wu's ineffective assistance of counsel claim. *See id.*; *Kaur*, 413 F.3d at 233–34; *Matter of Compean*, 24 I. & N. Dec. 710, 732–35 (BIA 2009).

Wu further asserts that the BIA erred in failing to address his changed country conditions argument. While Wu is correct that the BIA did not address that claim anew on remand from this Court, remand on that basis would be futile. The BIA previously addressed Wu's country conditions argument and properly denied it. *See Alam v. Gonzales*, 438 F.3d 184, 187–88 (2d Cir.2006) (holding that while the BIA abused its discretion in denying a motion to reopen without considering the petitioner's changed country conditions argument, remand was futile because the BIA's decision in a subsequent motion to reconsider—then under review—*did* address the argument and rejected it). In its previous decision denying Wu's motion to reopen, the BIA properly concluded that Wu failed to demonstrate changed country conditions material to his claim when there was an underlying adverse credibility finding that the BIA had previously affirmed. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147–48 (2d Cir. 2007) (concluding that the BIA did not abuse its discretion in denying a motion to reopen supported by evidence purportedly showing changed country conditions where there had been a previous adverse credibility finding in the underlying asylum hearing); *see also Kaur*, 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).